IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JESSE LEE LOZANO**,

        Plaintiff,

    vs.                             No. 09cv158 MCA/WPL

**CITY OF ROSWELL, et al.,**

        Defendant.


## MEMORANDUM OPINION AND ORDER


**THIS MATTER** comes before the Court on *pro se* Plaintiff Jesse Lee Lozano's request to extend time to effect service [Doc. 11], filed September 11, 2009, and Defendants' *Motion to Dismiss Plaintiff's Complaint* [Doc. 12], filed December 3, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiff's motion and grants that of Defendants.

## I. BACKGROUND

On February 13, 2009, *pro se* Plaintiff Jesse Lee Lozano filed his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* against the City of Roswell; the State of New Mexico; and individual parties Detective Rusty Briscoe, District Attorney Lee Huntzinger, and Magistrate Judge Eugene De Los Santos. [See Doc. 1 at 1]. By *Order* entered February 19, 2009, Plaintiff was denied leave to proceed *in forma pauperis*. [See Doc. 4].

As of June 13, 2009, 120 days from the filing of the complaint, the docket in this matter showed no return of service or other evidence that service had been made on

Defendants.  Accordingly, on June 17, 2009, the Court ordered Plaintiff to show cause in writing, by no later than July 10, 2009, why the matter should not be dismissed without prejudice for failure to prosecute.   Among other things, the Court explained the circumstances under which Rule 4(m) of the Federal Rules of Civil Procedure mandates dismissal for lack of timely service, and also noted that, under Rule 41(b), a plaintiff's failure to prosecute or comply with the Rules provides a basis for involuntary dismissal. [Doc. 7 at 1-2].  Finally, the Court directed Plaintiff to this district's *Guide for Pro Se Litigants*, explaining that the *Guide* contains "[i]nformation regarding court rules [and] can be printed from the Court's website at www.nnmcourt.fed.us." [Id. at 2].

On July 10, 2009, Plaintiff sent a letter to the Court, which was docketed as a response to the Court's show-cause order.  Plaintiff wrote:

> I would like to please request an extension of time to serve summons on defendants.  I have been searching for legal counsel, but do not have legal counsel at this time, and will probably be appearing pro se.  I would appreciate if you would review my request and let me know if there is anything I may need to provide.

[Doc. 8].

In light of Plaintiff's request, the Court, in an *Order* entered September 11, 2009, allowed Plaintiff "twenty (20) additional days to file proof of service of process." [Doc. 9 at 1].  The Court made clear that "within twenty (20) days from entry of this order, plaintiff **must** file service of process." [Id. (emphasis added)].  Finally, the Court warned that "[f]ailure to timely file proof of service **will** result in dismissal of the *Complaint* without

prejudice, without further notice." [Id. (emphasis added)].

Nineteen days later, on September 30, 2009, Plaintiff sent another letter to the Court, requesting "additional time to serve Defendants . . . due to [his] possibility of appearing PRO SE." [Doc. 11 at 1]. This letter was docketed as a motion for an extension of time to serve. [See Dkt. in 09cv158 MCA/WPL].

The docket reflects no further activity until December 3, 2009, when Defendants City of Roswell and Rusty Briscoe filed their *Motion to Dismiss Plaintiff's Complaint*. In support of their motion, Defendants, who concede that they were served on November 13, 2009, contend that Plaintiff has offered no good cause for failing to effect service until 273 days after filing his complaint, and 63 days after entry of this Court's *Order* allowing him an additional 20 days to file proof of service. [Doc. 12 at 3]. Defendants also point out that this is not a situation "where some outside factor, person or entity is responsible for the delay." [Id. at 4]. Instead, maintain Defendants, Plaintiff knew he had missed his deadline for service and, moreover, when given the opportunity to correct his mistake, still failed to serve in a timely manner. [Id.]. Plaintiff has not responded to the motion to dismiss.

## II. ANALYSIS

The procedure by which service of process is made is detailed in Rule 4 of the Federal Rules of Civil Procedure. As is relevant here, Rule 4(m) provides, in pertinent part, that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court

3

must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).  While "a plaintiff who shows good cause for failure to timely effect service is entitled to a mandatory extension of time . . . a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion."  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

"'[T]he 'good cause' provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.'" Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n. 2 (E.D.Pa.1988)).  Additionally, a plaintiff is not relieved of the burden of demonstrating good cause merely because the defendants had actual notice of the litigation.  To be sure, "[t]he relevant standard under Rule 4[m] is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown 'good cause' for their failure."  Despain, 13 F.3d at 1439 (quoting Eggink v. City of New York Human Resources Admin., 126 F.R.D. 32, 33 (S.D.N.Y.1989)).  As a general rule, in the Tenth Circuit, neither inadvertence or negligence alone, nor ignorance of the rules will support a finding of good cause.  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996).

"If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se,

4

and whether the defendants are evading service." <u>Martinez-Jones v. Dulce Indep. Sch.</u>, 2008 WL 2229472, at *4 (D.N.M. March 5, 2008) (*citing* <u>Espinoza</u>, 52 F.3d at 842). While a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, *pro se* litigants are nevertheless subject to the same rules of procedure that govern other litigants. <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993); <u>see also</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir.1991). This includes complying with the dictates of Rule 4. <u>See</u> <u>DiCesare</u>, 12 F.3d at 980 ("A pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4.").

In this case, the Court finds that Plaintiff has not shown good cause for his failure to effect timely service upon Defendants and, therefore, he is not entitled to a mandatory extension of time pursuant to Rule 4(m). <u>See</u> <u>Espinoza</u> 52 F.3d at 841. While Plaintiff has repeatedly suggested that his failure to serve Defendants has been due to his *pro se* status and his search for counsel, the Court determines that these reasons do not amount to good cause. <u>See</u>, <u>e.g.</u>, <u>United States v. Dowling</u>, 211 Fed.Appx. 733, 735 (10th Cir. 2007) (criminal defendant's ignorance of procedure for obtaining replacement counsel constituted neither excusable neglect nor good cause for late-filed notice of appeal); <u>King v. Galluzzo Equip. & Excavating Inc.</u>, 223 F.R.D. 94, 98 (E.D.N.Y. 2004) (explaining that a party's "inability to hire new counsel does not serve as an excuse for default").

Under the particular circumstances presented, the Court also concludes that Plaintiff is not entitled to a permissive extension. <u>See</u> <u>id.</u> In applying the factors that are relevant to a determination whether a permissive extension is warranted, the Court notes initially that

it is possible—though not entirely clear—that the applicable statute of limitations likely would bar refiling of this civil rights action, which is based on conduct that appears to have occurred in 2006 (although possibly as late as January 2007).[1]  See Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984) (because "every section 1983 claim is in essence an action for injury to personal rights[,]" when the action is governed by New Mexico law, the applicable limitations period is the three-year period set forth in N.M. Stat. Ann. § 37-1-8 (1978)).  A time bar would weigh in Plaintiff's favor.

On the other hand, there is no evidence that Defendants have been evading service, which conduct has been held to constitute good cause.  See Hendry v. Schneider, 116 F.3d 446, 449 n.2 (10th Cir. 1997).  Accordingly, this factor weighs against Plaintiff.

With respect to Plaintiff's *pro se* status, the Court repeats the Tenth Circuit's express and unambiguous pronouncement that "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."  DiCesare, 12 F.3d at 980.  In this case, through its June 17, 2009 *Order to Show Cause*, the Court cautioned Plaintiff that (1) failure to effect timely service of process could result in dismissal of the action under Rule 4(m); and (2) failure to prosecute or to comply with the Federal Rules of Civil Procedure or any order of the Court would provide a basis for involuntary dismissal under Rule 41(b).  Plaintiff also was directed

_____

[1] [See Doc. 1 at 2 (Under "Nature of the Case," (1) explaining that on February 14, 2006, Plaintiff was arrested on the basis of allegations of assault occurring on January 7, 2006; (2) faulting Defendant District Attorney Lee Huntzinger for failing to investigate the sufficiency of the evidence against Plaintiff; (3) criticizing Defendant Magistrate Judge Eugene De Los Santos for issuing a warrant for Plaintiff's arrest; and (4) taking issue with Defendant Huntzinger's failure to cross-examine Plaintiff during his trial, which ended with an acquittal on January 23 (presumably of 2007).].

to the district's *Guide for Pro Se Litigants*, which includes a section titled "Serving the Summons and Complaint" that (1) explains that "[d]etailed instructions on how to serve a summons and complaint can be found in Rule 4 of the Federal Rules of Civil Procedure[;]" (2) states, in bold-faced type, that failure to follow instructions on service could result in dismissal of the case; and (3) describes "return of service." <u>See</u> *Guide for Pro Se Litigants*, (Dec. 2009), http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html.

Subsequently, by *Order* entered September 11, 2009, the Court granted Plaintiff's first request for an extension of time to serve, allowing an additional 20 days but warning that failure to file proof of service within that time would result in dismissal of the complaint without further notice. [<u>See</u> Doc. 9 at 1].  Although the docket reflects that, on September 30, 2009, summons was issued as to Defendants City of Roswell, Rusty Briscoe, and Lee Huntzinger, and Defendants City of Roswell and Rusty Briscoe concede in their motion to dismiss that they were served on November 13, 2009, <u>see</u> Doc. 12 at 2, there still is no proof of service in the record.

In light of this, the Court concludes that Plaintiff has not acted diligently to effect service, nor was his failure to serve in a timely manner "the product of a solitary mistake, worthy to be excused." <u>Sims v. Wegmans Food Markets</u>, --- F.Supp.2d ----, 2009 WL 4827067, at *5 (W.D.N.Y. Dec. 14, 2009).  Instead, Plaintiff was (1) made aware that failure to comply with the Federal Rules of Civil Procedure and/or Court orders would be grounds for dismissal; (2) directed to the district's *Guide for Pro Se Litigants*, which expressly explains service of process and "return of service;" and (3) already allowed one extension

7

in which to file proof of service.  Notwithstanding the opportunities provided him, Plaintiff, more than nine months after filing his complaint, still has not demonstrated proof of service upon Defendants.  As a consequence, Plaintiff is not entitled to another extension of time in which to serve them.  See id. (even though defendant had actual notice of lawsuit, had been served, and was not prejudiced by the delayed service, and statute of limitations had run on *pro se* plaintiff's claims, plaintiff was not entitled to a second extension of time in which to effect service where he "was well aware of the claimed defect in service and had ample time and opportunity to cure it, but chose not to do so.").

## III. CONCLUSION

For the reasons set forth more fully above, the Court concludes that, given the particular circumstances presented here, Plaintiff is not entitled to an extension of time in which to serve Defendants.  Accordingly, the Court will deny Plaintiff's motion, grant Defendants' motion, and dismiss the complaint in its entirety.

**IT IS, THEREFORE, ORDERED** that Plaintiff Jesse Lee Lozano's request to extend time to effect service [Doc. 11] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss Plaintiff's Complaint* [Doc. 12] is **GRANTED;**

8

**IT IS FURTHER ORDERED** that Plaintiff Jesse Lee Lozano's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* be and hereby is **DISMISSED in its ENTIRETY**.

**SO ORDERED** this 28th day of December, 2009, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge